[665 NYS2d 433]

In the Matter of PRABIR DHAR, a Suspended Legal Consultant, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 8, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus*, Brooklyn (*Diana Maxfield Kearse* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated December 13, 1996, the respondent's license as a legal consultant was suspended, pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (iii) and 692.7, pending consideration of the charges of professional misconduct

against him, upon a finding that he is guilty of professional misconduct immediately threatening the public interest based upon his failure to submit an answer to two complaints of professional misconduct against him and upon uncontroverted evidence of professional misconduct. The Court also authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated August 1, 1996, which directed him to serve an answer to the petition within 10 days, and ordered that a hearing be held before a Special Referee within 30 days. This Court's decision and order of suspension was served upon the Clerk of this Court, whom the respondent designated as his agent for service of process in his admission papers. The respondent has failed to either appear or to serve an answer to the petition in the time permitted.

The Grievance Committee now moves to impose discipline upon the respondent based on his default and has served the respondent with a notice of motion and accompanying affirmation via service on the Clerk of this Court, his designated agent for service of process. Pursuant to 22 NYCRR 521.5 (b), the Clerk of this Court promptly sent a copy of these documents to the respondent by certified mail. The respondent has failed to respond to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or to answer the charges against him, the charges must be deemed established. The petitioner's motion to impose discipline upon the respondent based on his default is, therefore, granted. Accordingly, the respondent is adjudged to be in default and his name is stricken from the roll of legal consultants licensed to practice in the State of New York, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent is adjudged to be in default and his name is stricken from the roll of legal consultants licensed to practice in the State of New York; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Prabir Dhar is commanded to continue to desist and refrain (1) from practicing as a legal consultant in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as a legal consultant before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as a legal consultant licensed to practice in this State.