[802 NYS2d 121]

In the Matter of DANIEL S. LIEBERMAN (Admitted as DANIEL SCOTT LIEBERMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 6, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Eileen J. Shields* of counsel), for petitioner.

*Harvey Fishbein* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Daniel S. Lieberman was admitted to the practice of law in the State of New York by the First Judicial Department on August 8, 1994 and, at all times relevant to the complaint under investigation, maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now moves for an order: accepting respondent's affidavit of resignation and striking his name from the roll of attorneys, effective May 26, 2005, pursuant to 22 NYCRR 603.11; and directing respondent to make reimbursement to the Lawyers' Fund for Client Protection, or restitution to his client pursuant to Judiciary Law § 90 (6-a) in the sum of $4,290.

Respondent's affidavit complies with section 603.11 in that he states: his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation; he is aware that the Committee is investigating complaints of professional misconduct against him; and if charges were brought predicated upon those complaints, he would be unable to successfully defend himself (*see* 22 NYCRR 603.11 [a] [1]-[3]). Specifically, respondent acknowledged that several checks, totaling approximately $15,000, had been dishonored from his escrow account and that for a period dating back approximately two years, he frequently wrote checks to himself from his escrow account without regard to whether that amount was due him at the time, and in amounts which often exceeded what he was entitled to from settlement proceeds. Respondent has since repaid all of his clients, except a former client to whom he owes $4,290, voluntarily suspended his law practice, and transferred all of his open cases to other counsel. Moreover, since respondent has specifically admitted his misconduct and has identified the client and a specific amount owed, he is directed to make reimbursement in that amount to the Lawyers' Fund or restitution to his client.

Accordingly, respondent's name should be stricken from the roll of attorneys in the State of New York and respondent required to make monetary restitution to his former client or reimbursement to the Lawyers' Fund, in the amount set forth in his affidavit.

TOM, J.P., SULLIVAN, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 26, 2005. Respondent directed to make reimbursement to the Lawyers' Fund for Client Protection or restitution to his client, as indicated.