[831 NYS2d 203]

In the Matter of NEFESA ZAKARIA (Licensed as NEFESA H. ZAKARIA), a Suspended Legal Consultant, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 13, 2007

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated December 14, 2005: (1) the respondent was immediately suspended from acting as a legal consultant in the State of New York pursuant to 22 NYCRR 691.4 (l) (1) (ii) and (iii), upon a finding that she is guilty of professional misconduct immediately threatening the public interest based upon her substantial admissions under oath, and other uncontroverted evidence that she held herself out as an attorney and improperly performed legal services, (2) the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, and (3) the issues raised were referred to the Honorable Thomas Sullivan, as Special Referee, to hear and report. Pursuant to Rules of the Court of Appeals (22 NYCRR) § 521.5, a person licensed to practice as a legal consultant is "subject to professional discipline in the same manner and to the same extent as members of the bar of this State."

The decision and order on motion dated December 14, 2005, directed the respondent to serve and file an answer to the Grievance Committee's petition within 20 days after service upon her of a copy of that decision and order on motion. The petition contained one charge of professional misconduct emanating from a complaint that the respondent had identified herself as an attorney in a matrimonial action.

The decision and order on motion dated December 14, 2005, was personally served on the respondent on January 17, 2006. To date, the respondent has failed to serve an answer to the petition. Accordingly, she is in default and the charge must be deemed established.

Although duly served with the Grievance Committee's motion to impose discipline upon the respondent based on her default on July 26, 2006, the respondent has neither asserted a response nor requested additional time in which to do so.

Accordingly, the Grievance Committee's motion is granted, the respondent is found to be in default, the charge in the petition is deemed established and, effective immediately, the respondent's license to serve as a legal consultant on the law of Egypt is revoked.

PRUDENTI, P.J., MILLER, SCHMIDT, GOLDSTEIN and FLORIO, JJ., concur.

Ordered that the motion to find the respondent, Nefesa Zakaria, licensed as Nefesa H. Zakaria, in default is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent's license to serve as a legal consultant

is revoked, and her name is stricken from the roll of licensed legal consultants; and it is further,

Ordered that the respondent, Nefesa Zakaria, licensed as Nefesa H. Zakaria, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned legal consultants (*see* 22 NYCRR 691.10, 692.7); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nefesa Zakaria, licensed as Nefesa H. Zakaria, is commanded to desist and refrain from (1) acting as a legal consultant in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as a legal consultant before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as a licensed legal consultant; and it is further,

Ordered that if the respondent, Nefesa Zakaria, licensed as Nefesa H. Zakaria, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).