[838 NYS2d 771]

In the Matter of GIOVANNI PELUSO, a Licensed Legal Consultant, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Giovanni Peluso*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent is a foreign attorney admitted to practice law in Italy, and was licensed to act as a legal consultant in the State of New York by the Appellate Division, Second Department, on June 25, 1997. At all times relevant to this proceeding pursuant to 22 NYCRR 610.7, respondent maintained an office for his practice as a licensed legal consultant within the First Judicial Department. Recently, he has returned to Italy to practice law and no longer maintains an office in New York.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation from practicing as a licensed legal consultant, revoking respondent's license to practice as a licensed legal consultant, and striking his name from the roll of licensed legal consultants in this state.

The Committee is satisfied that respondent's affidavit of resignation, sworn to April 26, 2007, conforms to the requirements set forth in 22 NYCRR 603.11 in that his resignation is voluntary, free from coercion or duress, and he is fully aware of the implications of submitting his resignation.

Respondent acknowledges that he was served on January 19, 2007, with 35 charges of professional misconduct which relate to his conduct between January 1998 and June 2001. He states that the Committee opened an investigation after receiving a complaint from Simone Chiarella in January 2004, alleging that respondent exceeded the scope of his practice as a foreign legal consultant in the State of New York in violation of 22 NYCRR 521.3 and Judiciary Law §§ 478, 484 and 485 by holding himself out as a New York attorney and by engaging in the unauthorized practice of law.*

Specifically, it was alleged that from January 1998 to June 2001, respondent falsely held himself out as a member of the bar of this state in that he prepared legal instruments on behalf

---

* 22 NYCRR 521.3 prohibits a person licensed to practice as a legal consultant from, among other things: preparing an instrument effecting the disposition or registration of title to real estate located in the United States, rendering professional legal advice on the law of this State or the United States, and holding himself out as a member of the bar of this state. 22 NYCRR 521.5 subjects a licensed legal consultant to professional discipline in the same manner and to the same extent as members of the bar of this state.

of clients effecting the transfer of title to real estate located in this state (bargain and sale deeds), represented buyers and sellers at closings of real estate transactions, impermissibly rendered professional legal advice to clients on the laws of this state in a number of legal matters including, inter alia, residential real estate transactions, the creation and counseling of a number of corporate and business entities, the representation of a corporation before the Food and Drug Administration, and the representation of an individual client in a stock purchase agreement.

Respondent acknowledges that the charges further alleged that with the intent to create the false impression to attorneys and the general public that he was a licensed New York attorney, respondent used a misleading professional letterhead on which he referred to himself as "esquire" without disclosing that he was licensed as a legal consultant only, and impermissibly maintained a "special account" as defined by Code of Professional Responsibility DR 9-102 (b) (1) and (2) (22 NYCRR 1200.46), of which he was the sole signatory. Respondent avers that he has thoroughly read and reviewed the charges summarized above and acknowledges that he cannot successfully defend himself on the merits against such charges. Lastly, he states that he has determined that submitting his resignation as a licensed legal consultant is "appropriate at this time."

Accordingly, inasmuch as respondent's affidavit of resignation satisfies the criteria of 22 NYCRR 603.11, the Committee's motion should be granted, respondent's resignation from practicing as a licensed legal consultant accepted, his license to practice as a licensed legal consultant revoked, and his name stricken from the roll of licensed legal consultants in this state, effective nunc pro tunc.

ANDRIAS, J.P., SAXE, FRIEDMAN, NARDELLI and MALONE, JJ., concur.

Respondent's name stricken from the roll of licensed legal consultants in the State of New York, nunc pro tunc to April 26, 2007.