[844 NYS2d 221]

In the Matter of Max D. Antoine, a Licensed Legal Consultant, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 23, 2007

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin O'Sullivan* of counsel), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Max D. Antoine is a foreign attorney admitted to practice law in Haiti on May 13, 1997. On May 3, 2006, he was admitted by the Appellate Division, Second Judicial Department, to practice as a licensed legal consultant. At all times relevant to this proceeding he maintained an office for his practice within this department.

The Departmental Disciplinary Committee claims that shortly after being licensed as a legal consultant in New York, respondent made false representations that he was admitted to the practice of law in the State of New York to courts such as the United States Court of Appeals for the Armed Forces and the United States Supreme Court. According to the Committee also, in March 2007 the United States Department of Justice notified the Committee that for "the past several years" respondent attempted to represent aliens before the immigration courts by filing notices of appearances on their behalf stating under penalties of perjury that he was an attorney admitted in a number of different states as well as New York. Finally, the Committee complains that respondent's company's Web site misleads the public by holding himself out as an attorney.

The Committee now seeks an order to immediately revoke his license to act as a legal consultant. The Committee has not filed any formal charges against respondent or, for that matter, held a hearing. Rather, it contends that under 22 NYCRR 521.5 (a) (1) and 521.8, it may seek the immediate revocation of respondent's license to practice as a legal consultant on the ground that there is uncontested evidence of professional misconduct which reflects adversely upon respondent's moral character and general fitness under 22 NYCRR 521.1 (a) (3). In response, respondent moves to dismiss the motion because it is procedurally defective. While denying that he wilfully deceived his clients or

the public, respondent consents to an interim suspension of his license pending further proceedings.

■ In seeking the revocation of respondent's license, this Court's rules clearly state that "[d]isciplinary proceedings and proceedings under section 603.16 of this Title against any legal consultant shall be initiated and conducted in the manner and by the same agencies as prescribed by law for disciplinary proceedings against attorneys" (22 NYCRR 610.7; *see also* 22 NYCRR 521.5). The Committee must follow the same procedures as for attorneys, namely it must file formal disciplinary charges and hold a hearing before a referee on those charges (*Matter of Zakaria*, 39 AD3d 128 [2007]; *Matter of Dhar*, 237 AD2d 74 [1997]).

■ Accordingly, the Committee's motion should be deemed an application for an interim suspension of respondent's license as a legal consultant, that application should be granted and respondent suspended from practicing as a legal consultant in the State of New York until further order of this Court. The Committee's motion in all other respects should be denied and respondent's motion granted to the corresponding extent.

SAXE, J.P., SULLIVAN, GONZALEZ, CATTERSON and KAVANAGH, JJ., concur.

Motion deemed one to be application for interim suspension and, as such, respondent suspended from the practice as a licensed legal consultant in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, and motion otherwise denied. Cross motion granted to the extent indicated, and otherwise denied.