[866 NYS2d 5]

In the Matter of MANUEL CAMPOS-GALVAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 30, 2008

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Proskauer Rose LLP*, New York City (*Steven C. Krane* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Manuel Campos-Galvan was admitted to the practice of law in the State of New York by the First Judicial Department on November 19, 2001. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

Respondent's affidavit of resignation, sworn to on June 13, 2008, acknowledges that he failed to initially cooperate with the Committee's investigation, that he withdrew client funds from his firm's escrow account without authority, although those funds were ultimately replaced, and he provided false documents to the Committee. Specifically, respondent admits that he wrote a check for $22,000 on his firm's escrow account which was returned for insufficient funds; that he failed to maintain adequate escrow bookkeeping records; that he commingled client funds with his own funds; that he withdrew $35,200 from his firm's escrow account without permission from the client's on whose behalf the firm was holding these funds; that he did not provide necessary information and documents requested by the Committee; that he failed to appear for a scheduled deposition; and, when he did finally appear, he provided altered bank records and statements in order to conceal certain transfers out of his escrow account.

In mitigation, respondent explains that due to personal problems in his life, he failed to respond to the Committee's legitimate information requests in a timely manner. Additionally, he avers that no client lost money as a result of his actions.

Respondent's affidavit complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11). He states that (1) his resignation is submitted

freely, voluntarily, and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, namely, that the resignation is equivalent to a disbarment; (2) he is aware that he is currently the subject of an investigation by the Disciplinary Committee; and (3) if the Committee brought charges against him predicated upon the alleged misconduct under investigation, he could not successfully defend himself on the merits against such charges (22 NYCRR 603.11 [a] [1]-[3]).

Accordingly, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 13, 2008 (*Matter of Lieberman*, 23 AD3d 91 [2005]).

TOM, J.P., GONZALEZ, SWEENY, CATTERSON and MOSKOWITZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 13, 2008.