[896 NYS2d 342]

In the Matter of IAN D. GIRSHEK (Admitted as IAN DAVID GIRSHEK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 11, 2010

APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Ann E. Scherzer* of counsel), for petitioner.

*Hal R. Lieberman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ian D. Girshek was admitted to the practice of law in the State of New York by the Second Judicial Department on February 13, 2002 under the name Ian David Girshek. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

Respondent acknowledges that a disciplinary investigation was commenced against him in June 2009, while he was an associate at a law firm. Respondent admits that while handling cooperative and condominium closings for the firm, he and certain nonlawyers diverted a fictitious brokerage commission to which they were not entitled, from the firm's escrow account, to a company that he formed called Millennium 1851, and for whose account he was a signatory. Their intention was to share the money they had wrongfully obtained from the firm's client amongst themselves. When respondent's misconduct was discovered a few days after the closing, he made prompt restitution to the firm and resigned. Respondent further admits that, during the course of his employment with the firm, he wrongfully diverted additional funds totaling approximately $22,220 for which he has similarly made restitution. Finally, respondent acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Respondent's affidavit, sworn to on November 20, 2009 (as corrected February 9, 2010), complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11). He states that (1) his resignation is submitted freely, voluntarily, and without coercion or duress, and that he is fully aware of the implications of submitting his

resignation, namely, that the resignation is the equivalent of a disbarment; (2) he is aware that he is currently the subject of an investigation by the Disciplinary Committee; and (3) if the Committee brought charges against him predicated upon the alleged misconduct under investigation, he could not successfully defend himself on the merits against such charges (22 NYCRR 603.11 [a] [1]-[3]).

Accordingly, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 20, 2009 (*Matter of Lieberman*, 23 AD3d 91 [2005]).

FRIEDMAN, J.P., SWEENY, NARDELLI, CATTERSON and FREEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 20, 2009.