[899 NYS2d 41]

In the Matter of MAX D. ANTOINE, a Suspended Licensed Legal Consultant, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Max D. Antoine*, respondent pro se.

## .OPINION OF THE COURT

Per Curiam.

Respondent Max D. Antoine, a foreign attorney, was admitted to practice law in Haiti on May 13, 1997. On May 3, 2006, he was admitted by the Appellate Division, Second Judicial Department, to practice as a licensed legal consultant. At all times relevant to this proceeding he maintained an office within the First Judicial Department.

Individuals licensed to practice as legal consultants in this state are subject to professional discipline in the same manner and to the same extent as members of the bar in this state (*see* Rules of App Div, 1st Dept [22 NYCRR] part 603; Rules of Ct of Appeals [22 NYCRR] § 521.5; Code of Professional Responsibility [22 NYCRR part 1200]).

In April 2007, the Departmental Disciplinary Committee moved to seek the immediate revocation of respondent's license to practice as a legal consultant in New York on the ground of uncontested professional misconduct. By order entered October 23, 2007 (46 AD3d 60 [2007]), this Court found that summary revocation of a license was not permitted, and instead, immediately suspended respondent from practice as a legal consultant in the State of New York until such time as disciplinary matters pending before the Disciplinary Committee had concluded.

Thereafter, the Committee filed six charges against respondent. Charge one alleged that by repeated efforts to represent himself as a New York lawyer rather than as a legal consultant, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). Charge two alleged that by repeatedly holding himself out as a New York attorney, and by directly disobeying the Court's restriction on his practice, respondent engaged in conduct that is prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and 22 NYCRR 521.3 (f). Charge three alleged that by failing to timely file an affidavit of compliance, respondent engaged in conduct that is prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and 22 NYCRR 603.13 (f). Charge four alleged that by continuing to use the

corporate name "American Corporate Society" in connection with his own, respondent used a trade name in violation of Code of Professional Responsibility DR 2-102 (b) (22 NYCRR 1200.7 [b]) and 22 NYCRR 521.3 (g). Charge five alleged that by using a business card listing his practice as being specialized in several areas, respondent represented his "practice" as being specialized in particular fields of law, in violation of Code of Professional Responsibility DR 2-105 (a) (22 NYCRR 1200.10 [a]). Finally, charge six alleged that by violating the above disciplinary rules, respondent demonstrated a lack of good moral character and general fitness required for a member of the bar of this state, and therefore, provides grounds for revocation of his license under 22 NYCRR 521.1 (a) (3).

Respondent denied all charges. In July 2008, a Referee held a two-day hearing at which respondent testified on his own behalf. In a report, the Referee sustained only charges one and six, recommending revocation of respondent's license as a mandatory sanction pursuant to Rules of the Court of Appeals (22 NYCRR) § 521.8. A Hearing Panel recommended modifying the Referee's report to the extent of also sustaining charge two in part.

The Disciplinary Committee now seeks an order confirming the findings of fact and the sanction recommendation of the Hearing Panel, and revoking the license of respondent. Under Rules of the Court of Appeals (22 NYCRR) § 521.3, a person licensed to practice as a legal consultant may render legal services in New York subject to certain limitations: he cannot represent others in court; he cannot render professional legal advice on the law of this state or of the United States except on the basis of advice from someone duly qualified to render professional legal advice in this state; and he cannot in any way hold himself out as a member of the bar of this state. A legal consultant may use the "title" authorized in the foreign country of his admission to practice, but only "in conjunction with the name of such country" (22 NYCRR 521.3 [g] [iii]). Additionally, the title of "legal consultant" may be used in conjunction with the words " 'admitted to the practice of law in (name of the foreign country of his or her admission to practice)' " (22 NYCRR 521.3 [g] [iv]).

The Referee concluded that on May 10, 2006, only one week after being licensed as a legal consultant in New York, respondent applied for admission to the United States Supreme Court. In response to the application question, "State court(s) of last

resort to which you are admitted to practice, and date(s) of admission," he answered "May 3, 2006, New York Supreme Court, Second Department, New York State." In addition, he attached copies of membership cards from various state and other bar associations to the application. On the same day, respondent applied for admission to the United States Court of Appeals for the Armed Forces. In response to the application question asking what is the "highest State court in which applicant has been admitted to practice," respondent again answered "Supreme Court of New York." Similarly, respondent answered "Licensed by the Supreme Court of New York" when asked where he was presently engaged in the practice of law. Attached to his application were letters of reference stating that respondent was an "active member in good standing of the following law societies and state authorities" including four bar associations, with "Bar no[s]." The letter included the following text, "Licensed by the New York Supreme Court, Second Department, New York State Bar Association NYSBA Bar no. 69-2242 (518) 463 3200." The number listed is in actuality the number that appears on respondent's New York State Bar Association membership card. The Referee concluded that respondent's use of the number misleadingly suggested it was an official number assigned to him by the Office of Court Administration.

Before the Referee, respondent did not deny he provided such answers, rather, he initially testified that he did include the words "foreign legal consultant" on his applications before they were submitted, and that the copy offered by the Committee had been altered by someone else without his knowledge. However, he did not produce a copy of the allegedly correct versions of the documents. Moreover, he provided a different explanation when previously questioned by the Committee, stating he omitted the words "legal consultant" because the forms did not leave sufficient space to include them.

Accordingly, the Referee concluded respondent stated he was licensed to practice in New York, and nowhere indicated he was a legal consultant, the limitations of his practice, or that he could not hold himself out as a member of the bar of this state (22 NYCRR 521.3 [a], [f]). Thus, respondent committed intentional fraud in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and charge one was sustained. The Hearing Panel agreed with the Referee in sustaining charge one.

While the Referee did not sustain charge two, the Hearing Panel did sustain the second rules violation alleged therein,

namely section 521.3 (f) which prohibits a legal consultant from "in any way hold[ing] himself or herself out as a member of the bar of this State." In doing so, the Panel stated it did not find this charge duplicative of charge one, finding it a separate and distinct violation for purposes of liability and sanction (*see Matter of Race*, 296 AD2d 168 [2002]). Accordingly the Panel disaffirmed the Referee's finding insofar as it did not sustain charge two to the extent of finding that respondent held himself out as an attorney in violation of section 521.3 (f).

Charge six stated that by violating the disciplinary rules as aforementioned, respondent demonstrated a lack of "good moral character and general fitness [which is required] for a member of the bar of this State" (22 NYCRR 521.1 [a] [3]), and, therefore, provides grounds for revocation of his license as a legal consultant under 22 NYCRR 521.8. Both the Referee and Hearing Panel sustained this charge, noting that the omission of the limits of his license appeared to be motivated by self-promotion. The Referee stated that while "self-promotion is, of course, not itself evidence of a lack of good moral character," it was unquestionable that respondent went "beyond mere hype; his efforts were informed by an intent to mislead and deceive, the deliberate avoidance of any references to the limitations imposed on his license." The limited case law involving revocation of legal consultants' licenses is unlike the case at bar, as it involves consultants who were found to have engaged in the actual practice of law (*see Matter of Peluso*, 43 AD3d 155 [2007] [legal consultant resigned in face of 35 charges that he prepared legal instruments for clients, represented buyer and sellers at real estate closings, and impermissibly rendered professional legal advice]; *Matter of Zakaria*, 39 AD3d 128 [2007] [legal consultant admitted she performed legal services]; *Matter of Pinto*, 151 AD2d 157 [1989] [consultant exceeded his scope of practice by advertising services as an attorney and entering into a partnership to practice law without disclosing to his partner his status as a consultant]). However, here, the Referee correctly concluded that respondent's violations were not accidental but a deliberate attempt to mislead and deceive. The Referee determined that respondent repeatedly sought to delay the hearing, filed application to the Appellate Division challenging the proceedings and claimed but did not prove medical conditions impairing his ability to proceed. Thus, he found that while respondent had been suspended for a year he did not seem "to have learned any lessons from that interim penalty" and as

such, revocation as permitted under section 521.8 appeared to be the only appropriate sanction.

The record supports sustaining charges one, two and six as found by the Hearing Panel. Respondent intentionally misrepresented his license to practice as a legal consultant on various applications and forms submitted to courts by not qualifying his "admission" status, and therefore, falsely and impermissibly held himself out as a member of the bar of this state. By engaging in such misconduct, we find that the respondent lacks the good moral character and general fitness requisite for a member of the bar of this state (22 NYCRR 521.1 [a] [3]).

Accordingly, the Committee's petition seeking to confirm the findings of fact, conclusions of law and determination of the Hearing Panel is granted, and respondent's license as a legal consultant is revoked.

GONZALEZ, P.J., SAXE, CATTERSON, RICHTER and ABDUS-SALAAM, JJ., concur.

Report and recommendation of the Hearing Panel confirmed, and respondent's license as a legal consultant in the State of New York is hereby revoked.