[928 NYS2d 703]

In the Matter of ELGIN R. CLEMONS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 25, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

Respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Elgin R. Clemons was admitted to the practice of law in the State of New York by the First Judicial Department on May 21, 1996. At all times relevant to these proceedings, respondent, who was admitted to the bar of the State of Arkansas in 2007, was residing in Arkansas but is presently residing in New Jersey. Respondent is currently delinquent in his New York attorney registration for the biennial period of 2010-2011.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

Respondent's affidavit of resignation, sworn to on May 13, 2011, states that his resignation is submitted freely, voluntarily and without coercion or duress and that he is fully aware of the implications of submitting his resignation; that he is aware that there is a disciplinary investigation pending before the Committee alleging that he is guilty of misconduct; and finally that, if charges were brought predicated upon the misconduct under investigation, he would be unable to successfully defend himself on the merits against such charges (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Specifically, in a petition dated February 2, 2011, respondent requested that the Supreme Court of Arkansas accept the voluntary surrender of his law licence. In an order dated February 24, 2011 (2011 Ark 85, 2011 WL 661698, 2011 Ark LEXIS 75 [2011]), the Supreme Court of Arkansas accepted the resignation of respondent's license to practice law in the State of Arkansas. The order states, in pertinent part, "On recommendation of the Supreme Court Committee on Professional Conduct, and in lieu of facing disciplinary proceedings for serious misconduct, we hereby accept the voluntary surrender of the law license" of respondent.

Further, respondent acknowledges in his affidavit submitted herein that he could not successfully defend himself on the merits against charges that he violated rule 1.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) in connection with a corporate investment transaction where he sought to represent both the buyer and seller ("[A] lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the rep-

resentation will involve the lawyer in representing differing interests"). Although he obtained a waiver of his conflict of interest from the seller, he did so after he requested that the seller keep its corporate attorney out of the negotiation process and he deal only with the corporate officers. Additionally, respondent obtained two "loans" from the seller for himself to cover transaction expenses. However, he did not place the funds into a trust or escrow account until such funds were actually used for the stated purpose, nor did respondent inform his law firm of his receipt of these funds, in violation of Rules of Professional Conduct rule 1.15 (b), which requires an attorney to maintain funds in an attorney trust account or attorney escrow account.

Finally, respondent acknowledges that he could not successfully defend himself against charges that he violated Rules of Professional Conduct rule 8.4 (c) ("A lawyer . . . shall not . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation") when he repeatedly made promises and false representations to the Arkansas Arts Center in connection with $500,000 in pledged funds.

Respondent's affidavit complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11). Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 13, 2011 (*Matter of Lieberman*, 23 AD3d 91 [2005]).

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, SWEENY and ACOSTA, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 13, 2011.