[952 NYS2d 447]

In the Matter of BOBBY H.J. KIM, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 23, 2012

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin L. Whittinghom* of counsel), for petitioner.

Respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Bobby H.J. Kim was admitted to the practice of law in the State of New York by the Second Judicial Department on January 26, 2000. According to Office of Court Administration records, his last known business address is located within the First Judicial Department. The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law.

Respondent's affidavit of resignation, sworn to on August 13, 2012, complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11). He states that (1) his resignation is submitted freely, voluntarily, and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, namely, that the resignation is the equivalent of a disbarment; (2) he is aware that he is currently the subject of an investigation by the Disciplinary Committee alleging that he intentionally converted $174,000 of funds he was holding in escrow for his personal use and that, inter alia, he forged a bank check in that amount to forestall the discovery of his conversion of client funds; and (3) if the Committee brought charges against him predicated upon the alleged misconduct under investigation, he could not successfully defend himself on the merits against such charges (22 NYCRR 603.11 [a] [1]-[3]).

Specifically, respondent acknowledges that shortly after a client retained him in January 2011 to negotiate a mortgage reduction and pay off the mortgage for his Queens property, respondent improperly deposited the $174,000 the client gave him into his personal bank account instead of his escrow account and converted the monies to his own use without the client's knowledge or authorization. Additionally, respondent forged a bank check purportedly from Citibank in the amount of $174,000 made payable to the company holding the client's mortgage to forestall discovery of his conversion. Respondent also fabricated letters addressed to himself from Citibank, then affixed signatures of fictitious Citibank employees, and gave copies to the client in order to cover up the conversion.

In addition to acknowledging his misconduct in his affidavit of resignation, in a sworn examination before the Committee on

July 24, 2012, respondent admitted intentionally converting the $174,000 and forging the Citibank check and letters.

Finally, in his affidavit of resignation, respondent states that he was going through financial difficulty at the time of his misconduct; however, he also acknowledged he knew his conduct was wrong and this difficulty does not excuse his conduct. He avers that he is making arrangements to repay the client all the money he converted. However, if the Lawyers' Fund for Client Protection pays out a claim, respondent admits he is obligated to reimburse the Fund.

Accordingly, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 13, 2012 (*Matter of Lieberman*, 23 AD3d 91 [1st Dept 2005]).

ANDRIAS, J.P., SWEENY, MOSKOWITZ, FREEDMAN and RICHTER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 13, 2012.