[966 NYS2d 861]

In the Matter of WARREN A. KIRSHENBAUM (Admitted as WARREN ALAN KIRSHENBAUM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 20, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Warren A. Kirshenbaum*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Warren Alan Kirshenbaum was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 1993. Respondent was also admitted to practice law in the District of Columbia, and the states of Connecticut, Texas and Massachusetts. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the Commonwealth of Massachusetts, where he currently resides.

The Departmental Disciplinary Committee now moves for an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys. By letter dated April 17, 2013, respondent consents to the instant motion.

Respondent's affidavit of resignation, sworn to on March 12, 2013, complies with 22 NYCRR 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation; (2) he is aware that there is a disciplinary investigation or proceeding pending before the Committee involving intentional conversion of client funds; and (3) if charges were brought predicated upon the misconduct under investigation, he would not be able to successfully defend himself on the merits against such charges (*see* 22 NYCRR 603.11 [a] [1]-[3]). He specifically acknowledged that he cannot successfully defend himself on the merits against charges that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a), (b) and (c), 1.4 (b) and 8.4 (c) and (h).

Respondent's New York bar resignation comes subsequent to his resignation in Massachusetts based upon several disciplinary charges. In his affidavit, respondent acknowledged that in June 2009, a client wire-transferred $100,000 into his escrow account in anticipation of creating a private equity fund. Over the following three months, respondent intentionally misused those funds. Subsequently, when the client requested return of the funds, respondent lied to the client, stating that he needed to confirm with a government agency that he was allowed to return the funds. After replacing the stolen funds with his own, respondent ultimately repaid the client. Thereafter, respondent

was charged with converting client funds to his own use (Mass Rules of Professional Conduct [Mass RPC] rules 1.15 [b]; 8.4 [c], [h]); failing to pay promptly to the client funds due (Mass RPC rule 1.15 [c]); holding a substantial amount of trust funds in an IOLTA account instead of separate interest-bearing account with interest payable to the client (Mass RPC rule 1.15 [e] [5]); and making an intentional misstatement to a client regarding a delay in returning the funds (Mass RPC rules 1.4 [a], [b]; 8.4 [c]).

Respondent submitted his affidavit of resignation dated April 27, 2012 to the Board of Bar Overseers in Massachusetts. On July 25, 2012, the Supreme Judicial Court for Suffolk County accepted respondent's affidavit of resignation as a disciplinary sanction and struck his name from the roll of attorneys.

Respondent's affidavit complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11). Accordingly, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York (*Matter of Lieberman*, 23 AD3d 91 [1st Dept 2005]).

MAZZARELLI, J.P., FRIEDMAN, SWEENY, FREEDMAN and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 12, 2013.