[17 NYS3d 24]

In the Matter of MANUEL CAMPOS-GALVAN, a Licenced Legal Consultant and Resigned Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 29, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Manuel Campos-Galvan was admitted to the practice of law in the State of New York by the First Judicial Department on November 19, 2001.

By order of September 30, 2008, this Court granted the Departmental Disciplinary Committee's motion, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, and accepted respondent's affidavit of resignation from the practice of law and struck his name from the roll of attorneys, effective nunc pro tunc to June 13, 2008 (55 AD3d 241 [1st Dept 2008]).

Unbeknownst to the Committee at the time of its prior application, respondent was also a licensed foreign legal consultant in New York, having been licensed by this Court on March 17, 1998, prior to his admission to the bar.

The Committee now states, upon information and belief, that following his resignation, respondent relocated to Mexico, where he is admitted to the practice of law and maintains an office for such practice. The Committee further states, upon information and belief, that respondent maintains an office for business as a legal consultant within the First Judicial Department.

The Committee now moves for an order, pursuant to Rules of the Court of Appeals (22 NYCRR) §§ 521.1, 521.5 and 521.8 and Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (d), and Judiciary Law § 90 (2), revoking respondent's license to practice as a legal consultant. The Committee maintains that revocation of respondent's legal consultant license is warranted in light of our September 30, 2008 order accepting his resignation from the New York State bar based on his admissions that he could not defend himself on the merits against allegations that he committed professional misconduct, and that as a result he does not currently possess the good moral character and general fitness required under 22 NYCRR 521.1 (a) (3).

Specifically, the Committee notes that in his affidavit of resignation from the bar, respondent admitted that he wrote a check for $22,000 on his firm's escrow account which was returned for insufficient funds; that he failed to maintain adequate escrow bookkeeping records; that he commingled client funds with his own funds; that he withdrew $35,200 from his firm's escrow account without permission from the client on whose behalf the firm was holding these funds; that he did not

provide necessary information and documents required by the Committee; that he failed to appear for a scheduled deposition; and, when he did finally appear, he provided altered bank records and statements in order to conceal certain transfers out of his escrow account.

In an affidavit of compliance sworn to June 24, 2015, respondent acknowledges receipt at his address in Mexico of the instant motion to revoke his legal consultant license, and avers that he no longer maintains an office in New York or in the United States. Respondent states that he does not oppose the motion and has no objection to the removal of his name from the roll of legal consultants.

The Rules of the Court of Appeals (22 NYCRR) § 521.1 (a) provides that the Appellate Division may license to practice as a legal consultant an applicant who "(3) possess the good moral character and general fitness requisite for a member of the bar of this State;" and "(5) intends to practice as a legal consultant in this State and to maintain an office in this State for that purpose." Pursuant to 22 NYCRR 521.5, a person licensed to practice as a legal consultant is "subject to professional discipline in the same manner and to the same extent as members of the bar of this State." Under 22 NYCRR 521.8, "[i]n the event that the Appellate Division determines that a person licensed as a legal consultant under this Part no longer meets the requirements for licensing set forth in section 521.1 (a) (1) or (a) (3) of this Part, it shall revoke the license granted to such person hereunder."

By engaging in the professional misconduct as admitted in his affidavit of resignation and in response to the instant motion, respondent has demonstrated that he lacks the good moral character and general fitness requisite for a member of the bar of this State and, therefore, he no longer meets the requirements for licensing as set forth in 22 NYCRR 521.1 (a) (3) and (5) (*see Matter of Zakaria*, 39 AD3d 128 [2d Dept 2007]; *Matter of Pinto*, 151 AD2d 157 [2d Dept 1989]).

Accordingly, the Committee's motion should be granted and respondent's license as a legal consultant revoked.

GONZALEZ, P.J., TOM, FRIEDMAN, SWEENY and MOSKOWITZ, JJ., concur.

Respondent's license as a legal consultant in the State of New York is hereby revoked.