Matter of Alamin (2018 NY Slip Op 06089)





Matter of Alamin


2018 NY Slip Op 06089


Decided on September 19, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2017-01112

[*1]In the Matter of Hassan M.G. Alamin, a licensed legal consultant. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Hassan M.G. Alamin, respondent.



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent, admitted to practice law in Sudan, was licensed as a legal consultant pursuant to Judiciary Law § 53(6) (see 22 NYCRR part 521) at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 26, 2015. A disciplinary proceeding was commenced against the respondent pursuant to 22 NYCRR 1240.8 by service of a notice of petition and a verified petition dated January 10, 2017, containing three charges of professional misconduct. By decision and order on motion of this Court dated July 20, 2017, that branch of the respondent's motion which was to dismiss the disciplinary proceeding was denied. By decision and order on application of this Court dated October 17, 2017, pursuant to 22 NYCRR 1240.8(b)(1), the matter was referred to Roger Bennet Adler, Esq., as Special Referee, to hear and report on the issues raised.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
Hassan M. G. Alamin, Staten Island, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, a licensed legal consultant, with a verified petition dated January 10, 2017, containing three charges of professional misconduct. After a prehearing conference on December 27, 2017, and a hearing on February 1, 2018, the Special Referee issued a report, which sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has filed motions, inter alia, to dismiss the petition and the Grievance Committee's motion, and for an extension of time to file a motion with the Court of Appeals to challenge the constitutionality of Judiciary Law § 53(6).
Charge one alleges that the respondent exceeded the scope of his authority as a legal consultant by holding himself out as an attorney in the State of New York, in violation of section 521.3(f) of the Rules of the Court of Appeals (22 NYCRR) and rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On or about November 25, 2015, the respondent appeared at the New York City Office of Trials and Hearings in Matter of Taxi & Limousine Commn. v Doumbia (Index No. 80041335A). The respondent noted his appearance for his client, Daouda Doumbia, on the record, and confirmed on the record that he was an attorney. The [*2]respondent participated in the entire hearing, including the direct and redirect examinations of his client. The respondent failed to identify himself as a legal consultant.
Charge two alleges that the respondent improperly titled his practice, in violation of section 521.3(g) of the Rules of the Court of Appeals (22 NYCRR) and rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent's business card, which lists a Brooklyn address, reads, in part:
"ATTORNEY: Licensed Legal Consultant
Advocate & Commissioner for Deed-Sudan
Hassan M.G. Alamin."
The respondent's letterhead, which lists a Brooklyn address, reads, in part:
"WADISHALAIDAMBO LEGAL SERVICE
HASSAN M.G. ALAMIN
Attorney - licensed Legal Consultant-NY
Advocate & Commissioner for Deed - Sudan 1978."
Another letterhead used by the respondent, which lists a Brooklyn address, reads, in part:
"Hassan Alamin, Esq.
Attorney - Licensed Legal Consultant
Advocate & Commissioner for Deed - Sudan."
The respondent's résumé, which lists a Brooklyn address, reads, in part:
"HASSAN M.G. ALAMIN
Attorney: Licensed Legal Consultant
Advocate & Commissioner for Deed - Sudan."
Charge three alleges that the respondent, a legal consultant, improperly used a trade name with respect to his practice, in violation of rule 7.5(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent has titled his website "Wadishalaidambo Legal Services." In a notice of claim and CPLR article 78 petition, dated April 15, 2016, and April 20, 2016, respectively, against the New York City Office of Trials and Hearings, the respondent referred to "Wadishalaidambo Legal Services" as his "trade name."
While the respondent declined to testify at the hearing, he testified at his examination under oath during the Grievance Committee's investigation that he did not view representing clients before an administrative agency as practicing law. At the hearing, the respondent contended that the term "legal consultant" does not exist in the legal profession throughout the entire world, and that the term "legal consultant" is not a professional title, unless used in conjunction with the title of attorney or lawyer. The respondent contended that in the absence of the word "attorney," no one understands what a "legal consultant" is, and thus, he should be able to hold himself out as an attorney. The respondent also contended that section 521.3 of the Rules of the Court of Appeals (22 NYCRR) is an unreasonable regulation because it prohibits him from freely advertising the truth of his profession, relying on Bates v State Bar of Ariz. (433 US 350).
The Special Referee sustained all three charges, rejecting the respondent's First Amendment argument and his challenge to the constitutionality of section 521.3(g). The Special Referee concluded as follows:
"Respondent is a legally educated Sudanese lawyer who sought (and was granted) court permission to practice as a licensed legal consultant' (L.L.C.). This status was sought only after repeatedly failing to pass the New York State Bar examination.
"As an L.L.C., he was obliged to limit his legal consulting practice, consistent with the Rules of the Court of Appeals. However, the available evidence suggests that Respondent viewed himself as imbued with attorney's status' equal to lawyers who pass the bar examination, and are approved by the Committee on Character and Fitness.
"Respondent's decision to practice in administrative tribunals was marred by [*3]representation calculated to indicate he was a duly admitted lawyer. His business card, and attendant paperwork, similarly created a carefully calculated optic' that those with whom he interacted were dealing with a New York licensed lawyer.
"That Respondent apparently did not comply with General Business Law Section 130, and utilized a de facto trade name, are powerful indicia of an attempt to operate a law practice in the proverbial legal shadows.'"
In response to the Grievance Committee's motion to confirm, the respondent continues to take the position that he should be able to hold himself out as an attorney and that he should not be subject to the restrictions placed on him as a legal consultant as set forth under 22 NYCRR part 521 because those restrictions are unconstitutional on various grounds.
We find that the respondent's contentions are without merit. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's license to serve as a legal consultant is revoked (see Matter of Zakaria, 39 AD3d 128; Matter of Pinto, 151 AD2d 157).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LASALLE, concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent's license to serve as a legal consultant is revoked, and his name is stricken from the roll of licensed legal consultants; and it is further,
ORDERED that the respondent's motions are denied.
ENTER:
Aprilanne Agostino
Clerk of the Court