*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

## No. 17-BG-1430

IN RE AHMED M. ELHILLALI, RESPONDENT.

A Special Legal Consultant
Licensed by the District of Columbia Court of Appeals
(Registration No. 446927)

On Report and Recommendation
of the Board on Professional Responsibility
(Board Docket No. 16-BD-030)
(Bar Docket Nos. 2012-D330 and 2014-D029)

(Submitted December 17, 2018                    Decided January 3, 2019)

Before FISHER and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility ("Board") recommends that respondent Ahmed M. Elhillali's license as a Special Legal Consultant be revoked, without any right to reapply for this license for five years. The Board also recommends that respondent not be granted a license after the revocation period unless he pays restitution and proves his fitness to practice as a Special Legal Consultant. Although respondent contested the charges before the Hearing Committee, he withdrew his exceptions to its report and did not file any exceptions to the Board's report. Disciplinary Counsel did not file any exceptions

to the Board's report either. For the following reasons, we adopt the Board's recommendation.

## I. Factual Summary

Since no exceptions have been filed, the Board's findings of fact are undisputed. This court admitted respondent as a Special Legal Consultant in 1995; he is not licensed to practice law in any jurisdiction in the United States. Special Legal Consultants are allowed to provide advice about the law of the foreign country in which they are licensed, but are not permitted to provide "legal advice on or under the law of the District of Columbia or of the United States or of any state, territory, or possession thereof." D.C. App. R. 46 (c)(4)(D)(5) (2008).[1]

Respondent falsely held himself out as an attorney licensed to practice in the District of Columbia by maintaining a website for "The Law Office of Ahmed

---

[1] A requirement for obtaining a Special Legal Consultant license is the applicant's admission to practice in a foreign country. D.C. App. R. 46 (c)(4)(A)(1) (1995); D.C. App. R. 46 (f)(1)(A) (2016). Although respondent passed the bar exam in Sudan in 1978, he did not obtain a Sudanese law license until 1996, *after* he was granted Special Legal Consultant status.

Elhillali," with offices in Virginia and the District of Columbia.[2] While representing clients, respondent referred to himself as "attorney of record," "counselor," and "attorney and a member in good standing" and formally entered his appearance as an attorney in immigration cases on at least ten occasions. For example, respondent misrepresented himself to be an attorney and accepted fees in an immigration matter for Mr. Jamal Jubara Ragab Kabu and held himself out as an attorney to Mr. Omer Elsadig Abbas Ali. Respondent also falsely testified before the Hearing Committee. The Hearing Committee found (and the Board agreed) that respondent violated District of Columbia Rules of Professional Conduct 1.4 (b) (failure to explain matter), 1.16 (d) (termination of representation), 5.5 (a) (unauthorized practice of law), 8.4 (b) (committing a criminal act that reflects adversely on a lawyer's fitness – theft in violation of D.C. Code § 22-3211), and 8.4 (c) (dishonesty).

**II. Standard of Review**

---

[2] A similar website existed at the time of the hearing before the Committee, after respondent was instructed to take the website down by the Virginia State Bar. It is unclear whether this website was an edited version of the original website or a newly created website.

4

Under D.C. Bar R. XI, § 9 (h)(1), this court "shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." "When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential." *In re Viehe*, 762 A.2d 542, 543 (D.C. 2000).

Because there is no precedent in the District of Columbia regarding the revocation or suspension of a Special Legal Consultant's license, we will address (1) whether a Special Legal Consultant is governed by the District of Columbia Rules of Professional Conduct, (2) whether it is appropriate to revoke or suspend respondent's license, and (3) whether respondent should be allowed to reapply for this type of license.

## III. Analysis

The version of Rule 46 in effect during respondent's misconduct [2010 through 2015] provided that a Special Legal Consultant was subject "to the Code of Professional Responsibility of the American Bar Association, as amended by the

court" and "to censure, suspension, or revocation of his or her license to practice as a Special Legal Consultant by the court." D.C. App. R. 46 (c)(4)(E)(l)(a) (2008). Respondent and Disciplinary Counsel agree that "as amended" means the District of Columbia Rules of Professional Conduct.[3] In addition, D.C. Bar R. XI, § l (a) (2008) stated "all persons licensed by this Court as Special Legal Consultants under Rule 46(c)(4) . . . are subject to the disciplinary jurisdiction of this Court and its Board on Professional Responsibility." Thus, Special Legal Consultants must follow the Rules of Professional Conduct, and the Board on Professional Responsibility has authority to conduct disciplinary proceedings and recommend appropriate sanctions.

The Hearing Committee and the Board interpreted this jurisdiction's disciplinary rules and concluded that a Special Legal Consultant should receive a sanction similar to what would be imposed if he were an attorney. Because there is no precedent in this jurisdiction regarding the discipline of Special Legal

---

[3] The current version of Rule 46 clarifies that a Special Legal Consultant "[s]hall be subject to the Rules of Professional Conduct of this jurisdiction." D.C. App. R. 46 (f)(7)(A) (2016).

Consultants, we too will focus on the Rules of Professional Conduct and the rules of this court.[4]

D.C. Bar R. XI, § 3 (a) lists "disbarment" or "suspension for an appropriate fixed period of time not to exceed three years" among the possible sanctions for attorneys and "revocation or suspension of a license" as sanctions for Special Legal Consultants. The Committee reasoned that respondent's "dishonesty, false testimony, and conduct which amount[ed] to theft" would warrant disbarment if he were an attorney. Similarly, respondent's "theft, flagrant violation of the limitations of a Special Legal Consultant license, open disregard for his signed agreement with [the] Virginia State Bar, and false testimony at the hearing compel[led] the Committee to recommend the most severe sanction: revocation of his license." The Committee (and the Board) recommended "a five-year revocation with fitness as the functional equivalent of disbarment, the sanction that we would have recommended if [r]espondent was an attorney," citing *In re*

---

[4] New York has similar provisions for licensing foreign legal consultants pursuant to N.Y. COMP. CODES R. & REGS. tit. 22, § 521.1, and has consistently followed the same procedures to revoke a legal consultant license as it would in disciplinary proceedings against an attorney. *See*, *e.g., In re Campos-Galvan*, 17 N.Y.S.3d 24, 25 (App. Div. 2015) (citing N.Y. COMP. CODES R. & REGS. tit. 22, § 521.5); *In re Antoine*, 844 N.Y.S.2d 221, 222 (App. Div. 2007) (citing N.Y. COMP. CODES R. & REGS. tit. 22, § 610.7); *In re Zakaria*, 831 N.Y.S.2d 203, 204 (App. Div. 2007) (citing N.Y. COMP. CODES R. & REGS. tit. 22, § 521.5).

*Wechsler*, 719 A.2d 100, 102 (D.C. 1998) (appending Board report which concluded that disbarment is the functional equivalent of a five-year suspension with proof of fitness prior to reinstatement). We agree with the Board's interpretation of this jurisdiction's rules and adopt its recommendation of a sanction.

Our rules do not address whether the revocation of a Special Legal Consultant license can be permanent. "[B]ut for [its] interpretation of the application of D.C. App. R. 46 (c)(4)(E)(3), [the Committee] would have recommended that Respondent's Special Legal Consultant license be permanently revoked, without the opportunity to reapply. However, absent additional guidance from the Court on whether 'revocation' can be permanent, [the Committee and the Board] recommend[ed] the sanction most analogous to disbarment." Again, we rely on the principle that Special Legal Consultants should be subject to sanctions analogous to those we would impose on an attorney for similar misconduct.

"A disbarred attorney not otherwise ineligible for reinstatement may not apply for reinstatement until the expiration of at least five years from the effective date of the disbarment." D.C. Bar R. XI, § 16 (a). But, in general, a disbarred attorney may seek to be readmitted to our bar. We therefore conclude that

respondent may reapply for a Special Legal Consultant license according to the rules just as an attorney may apply for admission after disbarment.

Accordingly, it is

ORDERED that Ahmed M. Elhillali's license as a Special Legal Consultant is revoked without the right to reapply for five years. Respondent shall not be granted a license after the revocation period unless he first pays restitution and proves his fitness to practice as a Special Legal Consultant. It is

FURTHER ORDERED that, for purposes of reapplication, the five-year period of revocation shall not begin to run until respondent files an affidavit that complies with D.C. Bar R. XI, § 14 (applicable to disbarred or suspended attorneys) except that his notification to clients and adverse parties will be that his Special Legal Consultant license has been revoked for at least five years.

*So ordered.*